**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10448 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00908-DCB-GEE-1 |
| v. | |
| MARIO HUMBERTO VARELA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted September 12, 2012[**]
Las Vegas, Nevada

Before: RAWLINSON, BYBEE, and IKUTA, Circuit Judges.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Varela appeals the district court's denial of his motion to suppress evidence that he contends was obtained during an unconstitutional investigative stop. We affirm.

The district court did not clearly err in concluding that Sifuentes's testimony was credible. Contrary to Varela's arguments, Sifuentes's testimony was consistent with his initial report, albeit more detailed.

In light of his credible testimony, Sifuentes had reasonable suspicion to stop the car driven by Varela, taking into account the totality of the circumstances, which included the following facts: (1) Sifuentes was positioned in a remote area frequented by drug smugglers, and was within fifteen miles of the border; (2) a sensor alarm indicated that drug smugglers might be present in Sifuentes's area; (3) Sifuentes determined, in light of "officer experience," *United States v. Garcia-Barron*, 116 F.3d 1305, 1307 (9th Cir. 1997), that a tip from the driver of a Chevy Blazer was a ruse intended to cause Sifuentes to leave the area so he would not see Varela's vehicle; and (4) Sifuentes determined, again in light of "officer experience," *id.*, that tape-wrapped bundles in the car driven by Varela were bricks of marijuana. *See United States v. Arvizu*, 534 U.S. 266, 269–70, 273, 277 (2002).

We reject Varela's argument that the district court's reliance on certain factors (such as Varela's failure to acknowledge Sifuentes, and Varela's orange

hunting cap) was impermissible. The Supreme Court has prohibited courts "from adopting a 'divide-and-conquer analysis' by looking at each factor in isolation and according it no weight if it is susceptible to an innocent explanation." *United States v. Berber-Tinoco*, 510 F.3d 1083, 1088 (9th Cir. 2007) (quoting *Arvizu*, 534 U.S. at 274). And in any event, the remaining factors supported a determination that Sifuentes had reasonable suspicion.

**AFFIRMED**.